United States District Court
Southern District of Texas
**ENTERED**
March 03, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RANDY J. KAIZER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-396 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This case involves a § 2254 petition that was filed five days after expiration of the statute of limitations.  It is recommended that Petitioner be given the benefit of equitable tolling so that the merits of his claims may be addressed.

Petitioner Randy J. Kaizer is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the C.M. Terrell Unit in Rosharon, Texas.   Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on September 8, 2015.[1]   The underlying conviction which is the subject of the petition is a 2011 Nueces County conviction for continuous sexual abuse of a child, indecency with a child and two counts of aggravated sexual assault of a child.   Petitioner claims that his constitutional rights were violated during  the  trial  proceedings.   Respondent filed  a  motion  for  summary  judgment  on

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on September 4, 2015 and normally it would be considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.   However, Petitioner concedes in response to the motion for summary judgment that he actually placed the petition in the prison mail system on September 8, 2015 and it will be considered filed as of that date (D.E. 21 at p. 8).

December 18, 2015 contending that Petitioner's claim are time-barred and Petitioner responded on February 4, 2016 (D.E. 16, 21).  For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be denied and that Respondent be directed to address the merits of Petitioner's Application for Habeas Corpus Relief.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner was convicted in Nueces County, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On November 19, 2010 Petitioner was re-indicted on fourteen counts of sexual assault of a child, including one count of continuous sexual abuse of a young child, eight counts of aggravated sexual assault of a child and five counts of indecency with a child (I CR 5-10; D.E. 8-13 at pp. 9-14).  He was tried by a jury in the 28th District Court of Nueces County Texas.  Prior to sending the case to the jury the court dismissed all but four counts of the indictment.  On July 22, 2011 the jury found Petitioner guilty of one count of continual sexual abuse of a young child; one count of indecency with a child and two counts of aggravated sexual assault of a child (I CR 112-113; D.E. 8-13 at pp. 116-117).  The court sentenced Petitioner to three terms of sixty years and one term of twenty years, all to run concurrently (I CR 112; D.E. 8-13 at p. 116).

Petitioner filed a direct appeal and on June 13, 2013 the Thirteenth Court of Appeals affirmed his conviction.  *Kaizer v. State*, No. 13-11-00566-CR, 2013 WL 3009742 (Tex. App. Corpus Christi 2013, pet. ref'd)(not designated for publication)(located herein at D.E. 8-6).  Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals and it was refused on September 11, 2013. *Kaizer v. State*, PD-0886-13 (located herein at D.E. 8-2).  Petitioner sought a writ of certiorari from the United States Supreme Court and it was denied on February 24, 2014 (Ex. A to Resp. to Mot. for Sum. Jmt., D.E. 21-1 at p. 2).

Petitioner filed an application for habeas relief in state court on February 17, 2015 *Ex Parte Kaizer*, WR-83,127-01 at 2-28 (D.E. 9-7, at pp. 4-30).  The trial court entered findings of fact and conclusions of law on April 3, 2015, recommending that relief be denied. *Id*. at 149 (D.E. 9-8 at p. 58).  On April 29, 2015 the Texas Court of Criminal Appeals remanded the case for an evidentiary hearing on the issue of whether Petitioner received effective assistance of counsel. *Id*. at "Action Taken" page (D.E. 9-6).  *See also* Order dated April 29, 2015 from Texas Court of Criminal Appeals (D.E. 9-1).

On remand, the trial court obtained an affidavit from Petitioner's trial counsel in which the attorney explained the reasons for decisions he had made during the trial. *Ex Parte Kaizer*, WR-83,127-01 at 20-24 (D.E. 9-9 at pp. 22-26).  On July 24, 2015 the trial court entered supplemental findings of fact and conclusions of law, again recommending that relief be denied. *Id*. at 25 (D.E. 9-9 at p. 27).  On August 26, 2015 the Texas Court of Criminal Appeals denied Petitioner's application without written order on the findings of the trial court. *Id*. at "Action Taken" page (D.E. 9-5).

Petitioner filed the instant petition on September 8, 2015 and makes the following arguments:

(1)  He suffered an *ex post facto* violation when the State pleaded that two of the counts that formed the basis of the "continuous sexual abuse of a young child" occurred before the law prohibiting "continuous sexual abuse of a young child" was enacted;

(2)  His right to due process was violated when the sexual assault nurse examiner (SANE nurse) was allowed to testify;

(3)  His constitutional protection against self-incrimination was violated when the prosecutor commented about Petitioner's failure to testify;

(4) Texas Penal Code § 21.02(c) is unconstitutional because it sets forth the elements of the crime instead of the "manners and means;"

(5) Texas Penal Code § 21.02 is unconstitutionally vague;

(6)  Texas Penal Code § 21.02(d) lowers the burden of proof beyond a reasonable doubt;

(7)  The punishment range associated with Texas Penal Code § 21.02 is unconstitutional;

(8) The punishment exceeded the range for the offenses; and

(9)  Petitioner's trial attorney was ineffective when he

> (a) failed to adequately investigate a third party perpetrator;
> (b) failed to effectively cross-examine a witness regarding Petitioner's alibi defense and
> (c) did not allow Petitioner to testify.

In  Respondent's  motion  for  summary  judgment  he  argues  that  Petitioner's application is barred by the one-year statute of limitations because he filed it five days too late.  Respondent did not argue that any of Petitioner's claims were unexhausted but reserved the right to do so.  Petitioner counters that he is entitled to equitable tolling of

the statute of limitations because he did not receive notice that the Texas Court of Criminal Appeals had denied his state habeas application until after the federal deadline had run and that he mailed his application for federal habeas relief on the same day he received notice about the state writ.

## APPLICABLE LAW

### A. Statute of Limitations

Respondent argues that Petitioner's application for habeas corpus was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on February 24, 2014, the day that the United States Supreme Court refused his application for writ of certiorari.  28 U.S.C.A. § 2244(d)(1)(A).  He had one year from that date, or until February 24, 2015, to file his federal petition.  He did not file it until September 8, 2015, more than six months too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  Petitioner filed his state application on February 17, 2015 and it was pending until August 26, 2015, a period of 191 days.  Adding 191 days to the February 24, 2015 deadline extended it to September 3, 2015.  Because the petition was not filed until September 8, 2014, it still was filed five days too late.  Thus, Petitioner is not entitled to statutory tolling of the limitations period.

Petitioner argues that he is entitled to equitable tolling.  "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)).  The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court.  *Holland v. Florida*, 560 U.S. 631, 649-650

(2010). A district court draws upon decisions made in similar cases for guidance, but also must have awareness that specific circumstances may warrant special treatment in an appropriate case. *Id*. at 650. *See also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)("equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate").

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. *Coleman*, 184 F.3d at 402. A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Petitioner asserts that he pursued his rights diligently. The diligence required for equitable tolling purposes is "reasonable diligence," not maximum feasible diligence. *Holland*, 560 U.S. at 653. In *Holland*, a petitioner repeatedly contacted his attorney in an effort to have the attorney timely file his state habeas action. When the attorney was unresponsive, the petitioner tried to contact the court directly but was told that he could not file any *pro se* papers while he was represented by counsel. *Holland*, 590 U.S. at

637.  The petitioner also contacted court clerks and the state bar association in an effort to

have the attorney removed from his case.  The district court found that the Petitioner had

not acted diligently in pursuing his rights, but the Supreme Court found that the district

court's conclusion was incorrect:

> Here, Holland not only wrote his attorney numerous letters seeking crucial
> information and providing direction; he also repeatedly contacted the state courts,
> their clerks, and the Florida State Bar Association in an effort to have [the
> attorney]—the central impediment to the pursuit of his legal remedy—removed
> from his case.  And, the *very day* that Holland discovered that his AEDPA clock
> had expired due to Collins' failings, Holland prepared his own habeas petition pro
> se and promptly filed it with the District Court.

*Id.* at 653 (emphasis in original).

In the instant case, it appears that Petitioner understood when the deadline to file

his federal habeas case would run.  He wrote multiple letters to his trial and appellate

counsel seeking copies of documents and evidence that he could use to represent himself

*pro se* in both his state habeas and his federal habeas (Exs. A, B and F to Resp. to Mot.

for Sum. Jmt., D.E. 21-1 at pp. 3-7, 15-16).  It is unclear whether his appellate attorney

ever responded to him (*Id*.)  Petitioner received a response from his trial attorney dated

December 17, 2014, telling Petitioner that the attorney would need thirty days to gather

the "appropriate documents."  It is unclear from the record whether Garcia ever provided

any documents to Petitioner (Exs. D and F to Mot. for Sum. Jmt., D.E. 21-1 at pp. 11, 15-

16).

Petitioner also sought help from the State Bar of Texas at least three times in an

effort to have his trial and appellate counsel respond to his requests for information (Exs.

B and D to Resp. to Mot. for Sum. Jmt., D.E. 21-1 at pp. 6-7, 10-12).  Petitioner later

learned that he could buy a copy of the trial transcript and did so in October 2014 (Affidavit of Jaclynn Kaizer, Ex. to Mot. for Sum. Jmt., D.E. 21-1 at p. 13).  However, in addition to the transcript Petitioner believed he needed the report prepared by the Sexual Assault Examining Nurse, some trial stipulations which were sealed, police investigative reports and visitation records when he was held at the county jail pending trial (Affidavit of Randy Kaizer, D.E. 21-1 at pp. 15-16).

Unlike the petitoner in Holland, Petitioner in this case was not represented by counsel in his post-conviction collateral proceedings and could have filed his state habeas petition *pro se* at any time.  However, he was seeking documentation in the possession of his trial and appellate attorneys before he filed the state writ.  Indeed, because the holding in *Cullen v. Pinholster*, 563 U.S. 170, 181-182 (2015), dictates that federal habeas review is limited to the record that was before the state habeas court, it behooves a petitioner to make as complete a record as possible when filing his state habeas application.

Petitioner was cognizant of the deadline and made repeated attempts to obtain the information he believed he needed to file his state court petition.   Under these circumstances, he was acting with reasonable diligence to protect his rights before he filed his state habeas petition.  In addition, he filed his federal habeas on the very day he received actual notice that his state habeas had been denied.  Thus he "pursued the process with diligence and alacrity" as described in *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Regarding the issue of whether an extraordinary circumstance stood in the way of Petitioner timely filing his habeas petition, it is uncontested that although the Texas Court

of Criminal Appeals denied Petitioner's application on August 26, 2015, the prison did not receive the notice until September 4, 2015 and Petitioner did not receive notice until September 8, 2015 (Exs. H and J to Resp. to Mot. for Sum. Jmt., D.E. 21-1 at 18, 21). The federal statute of limitations had run on September 3, 2015, five days before he received the notice.  Petitioner mailed his federal petition on September 8, 2015, the same day he received notice that his state petition had been denied (USPS tracking record, Ex. I to Mot. for Sum. Jmt., D.E. 21-1 at p. 19;  Mail Log, Ex. B to Mot. for Sum. Jmt., D.E. 16-2 at p. 3).

In *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009), a petitioner did not get notice from the Texas Court of Criminal Appeals that his state habeas petition had been denied until eleven months after the application had been denied and forty-seven days after federal limitations period had run.  *Id.* at 597.  Under those circumstances, the court found that that the petitioner had suffered a substantial state-created delay.  *Id.* at 598.  After finding that Hardy had acted diligently in trying to find out the status of his state habeas, the court found that he was entitled to equitable tolling.  *Id.* at 599.

Respondent argues that the fact that Petitioner did not receive notice that his state habeas had been denied until after the federal deadline had run has no bearing on whether he is entitled to equitable tolling, citing in support, *Fisher v. Johnson*, 174 F.3d at 714.  In *Fisher*, the Fifth Circuit discussed notice in terms of whether a delay in notice of the passage of AEDPA and its one-year statute of limitations was grounds for equitable tolling.  The petitioner argued that limitations should have been tolled for forty-three days which was the amount of time between AEDPA's effective date and the day on which he

received actual notice of the change in the law.  The court found that the delay in notice was not grounds for equitable tolling because Congress knew that AEDPA would affect incarcerated individuals with limited access to outside information, yet failed to provide any tolling based on possible delays in notice.  *Id.*  In addition, the court found that equity did not call for tolling on the facts of the case, because even though the petitioner received the notice about the passage of AEDPA late, he still had 322 days to file his petition.  *Id.* at 715.

Petitioner's case is distinguishable from *Fisher* on two bases.  First, the notice in his case is not the broad notice of the passage of AEDPA but the notice of denial of his state habeas, which triggered the resumption of the running of the limitations period. Second, unlike the petitioner in *Fisher* who had more than ten months remaining in which he could file his federal petition, by the time Petitioner received the notice, the statute of limitations in his case had already run.  The holding in *Fisher* does not lead to the conclusion that Petitioner is not entitled to equitable tolling of the statute of limitations.

Respondent also cites *Lookingbill v. Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002), where the Fifth Circuit stated that federal courts interpret federal time periods as running from the event described rather than from receipt of notice.  While that statement is generally true, it was made in the context of the petitioner's request for statutory, rather than equitable, tolling of the limitations period.  It is not disputed in this case that the statute of limitations began to run again on the day the Texas Court of Criminal Appeals

denied Petitioner's state habeas application.  He is not seeking statutory tolling, but rather equitable relief from the limitations period.

Respondent cites to another case, *Kangas v. Dretke*, 100 Fed. Appx. 977, 978 (5th Cir. 2004), where the Fifth Circuit held that the State's delay of nine days in transmitting notice of the court's action on the petitioner's application for state habeas relief, in combination with his waiting until only three days remained in the statutory period to file his state writ application, did not constitute a rare and exceptional circumstance warranting equitable tolling.

*Kangas* contains no discussion of whether the petitioner was diligent, or why he waited until three days before the limitations period ran to file the state habeas petition. As discussed above, Petitioner in this case provided evidence that he delayed in filing his state habeas because he was trying to gather evidence and documentation before he filed it.  Nor does *Kangas* discuss how long the petitioner waited to file his federal habeas after receiving notice that his state habeas had been denied.  Petitioner in this case submitted his federal habeas to prison authorities the same day he received notice from the state.

Although the delay in notification from the state to the prison and from the prison to Petitioner was not unduly long, Petitioner had no control over it.  Petitioner knew the timeline was short and apparently had his federal habeas petition ready to file as soon as he received notice about his state habeas.  Even so, it was filed five days late.  The Supreme Court has noted that "Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty."  *Lonchar v. Thomas*, 517 U.S.

314, 324 (1996).   Based on the particular facts of this case, it is respectfully recommended that the District Court find that Petitioner pursued his rights diligently  and was prevented from filing his habeas due to an extraordinary circumstance.  It is further respectfully recommended that the District Court exercise its discretion to equitably toll the limitations period for five days, making Petitioner's federal petition timely filed. Finally, it is recommended that Respondent be ordered to address the merits of Petitioner's claims and that Petitioner be given an opportunity to respond.

## <u>RECOMMENDATION</u>

It is respectfully recommended that Respondent's motion for summary judgment (D.E. 16) be DENIED, that the AEDPA statute of limitations be tolled for five days, and that Petitioner be found to have timely filed his federal petition.   It is further recommended that Respondent be ordered to address the merits of Petitioner's claims and that Petitioner be given an opportunity to respond.

Respectfully submitted this 3rd day of March, 2016.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).